UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

| | |
|---|---|
| WENDALL KEITH CLAY, JR., )<br>　　　　　　　　　　　　　　　　)<br>　　Petitioner,　　　　　　　　　)<br>　　　　　　　　　　　　　　　　)<br>v.　　　　　　　　　　　　　　　)　　No. 5:22-CV-00264-CHB-MAS<br>　　　　　　　　　　　　　　　　)<br>COMMISSIONER OF CORRECTIONS, )<br>　　　　　　　　　　　　　　　　)<br>　　Respondent.　　　　　　　　　)<br>　　　　　　　　　　　　　　　　) | |

## **RECOMMENDED DISPOSITION**

Wendall Keith Clay, Jr. ("Clay") filed a sixteen-page document he titled "Motion for Writ of Habeas Corpus." [DE 1]. He attached to that document several Orders from Fayette County, Kentucky, Circuit Court, as well as a Uniform Citation from the Lexington Police Department citing him for possession of marijuana, among other documents. [DE 1-1, 1-4, 1-5]. Clay claims he is being "illegally detained" and his "4th, 5th, 8th, 13th, & 14th Amendment Rights have been breached[.]" [DE 1 at Page ID #1]. Clay continues for fifteen additional pages to discuss fraud, circumstances of his arrest, tricks the officers engaged in, and his charges in Maryland. [DE 1].

There are several problems with Clay's filing. The Clerk of Court docketed Clay's "Motion for Writ of Habeas Corpus" as a petition under 28 U.S.C. § 2254. [DE 1]. It is not clear to the Court whether Clay is asserting claims pursuant to § 2254 or 28 U.S.C. § 2241, because it appears he is a state pretrial detainee. Regardless, the Court recommends dismissing the petition administratively for a few reasons.

First, Clay has not utilized a Court-approved form as required by the Court's Local Rules. *See* LR 5.3(a).

Second, Clay did not properly initiate this action by paying the filing fee or moving to proceed *in forma pauperis*. *See* LR 5.4 ("A prisoner seeking leave to proceed in forma pauperis in a habeas corpus action must file a fully completed Application to Proceed Without Prepayment of Fees or a motion and affidavit that includes the same information."). Clay submitted a prisoner account statement, but it is not certified, as required by 28 U.S.C. § 1915(a)(2).

Both above issues, however, could be remedied. The third issue, however, cannot, and is fatal to Clay's case. The Court, having studied Clay's motion at length, finds that it fails to articulate adequately a viable claim against any defendant. Though pro se pleadings are to be liberally construed, *see Erickson v. Pardus*, 551 U.S. 89 (2007), "[e]ven a pro se prisoner must link his allegations to material facts . . . and indicate what each defendant did to violate his rights[.]" *Sampson v. Garrett*, 917 F.3d 880, 882 (6th Cir. 2019) (citing *Hill v. Lappin*, 630 F.3d 468 (6th Cir. 2010) and *Lanman v. Hinson*, 529 F.3d 673 (6th Cir. 2008)). The Court is unable to discern what claim or claims Clay is bringing or how his Constitutional rights have been violated such that he could potentially be entitled to relief pursuant to § 2254 or § 2241.

A certificate of appealability may issue only where a habeas petitioner has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requires a petitioner to demonstrate that "jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Reasonable jurists would not disagree that where the Court cannot discern what claims are being articulated, the petitioner has not made a substantial showing of a denial of a constitutional right. Thus, the Court will recommend no certificate of appealability issue. However, the Court is also recommending that this matter be dismissed without prejudice.

For these reasons, the undersigned **RECOMMENDS** the District Judge order as follows:

(1) The Motion for Writ of Habeas Corpus [DE 1] be **DISMISSED WITHOUT PREJUDICE**.

(2) The Clerk of Court send Clay the following forms in blank:

   a. Application to Proceed in District Court Without Prepaying Fees or Costs [AO Form 240].

   b. Certificate of Inmate Account Form [EDKY Form 523].

   c. Form Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 [EDKY 521].

   d. Petition for Relief From a Conviction of Sentence By a Person in State Custody [AO Form 241].

(3) All other requests for relief be **DENIED AS MOOT**.

Clay is directed to 28 U.S.C. § 636(b)(1) for appeal rights concerning this Recommended Disposition. Within fourteen days after being served with a copy of this decision, Clay may serve and file objections to the findings and recommendations herein for *de novo* determination by the District Court. 28 U.S.C. § 636(b)(1). Failure to make timely objections will normally result in waiver of further appeal to or review by the District Court and Court of Appeals. *See Thomas v. Arn*, 474 U.S. 140, 150-51 (1985).

Entered this 9th day of March, 2023.



MATTHEW A. STINNETT
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF KENTUCKY