UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | |
|---|---|
| WENDELL KEITH CLAY, JR., *a.k.a.* Jacob Israel Freedman, <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF CORRECTIONS, <br><br> Defendant. | Civil Action No. 5:22-cv-264-CHB <br><br> **ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION** |

*** *** *** ***

This matter is before the Court on the Findings of Fact, Conclusions of Law, and Recommendation ("Recommendation") filed by Magistrate Judge Matthew A. Stinnett. [R. 6]. The Recommendation addresses *pro se* Plaintiff Wendell Keith Clay, Jr.'s "Motion for Writ of Habeas Corpus," in which he claims he is being "illegally detained" in violation of his "4th, 5th, 8th, 13th, & 14th Amendment Rights." [R. 1]. Plaintiff also submitted a letter seeking injunctive relief "in matters that are currently affecting his right to equal protection under the law as well as Due Process[.]" [R. 4]. Neither party has filed objections to the Recommendation, and the matter is ripe for review. For the reason set forth herein, the Court will adopt Magistrate Judge Stinnett's Recommendation and deny Plaintiff's motions.

Plaintiff is a state pretrial detainee housed at the Fayette County Detention Center in Lexington, Kentucky. In his Recommendation, Magistrate Judge Stinnett recommends Plaintiff's motion [R. 1] be dismissed "administratively" and that "[a]ll other requests for relief," which would include Plaintiff's letter [R. 4], be denied as moot for several reasons. [R. 6, p. 1]. First, Plaintiff failed to utilize a Court-approved form as required by the Court's Local Rules. *See* LR.

5.3(a). Second, Plaintiff failed to pay the filing fee or move to proceed in forma pauperis. *See* LR 5.4 ("A prisoner seeking leave to proceed in forma pauperis in a habeas corpus action must file a fully completed Application to Proceed Without Prepayment of Fees or a motion and affidavit that includes the same information."). Plaintiff did submit a prisoner account statement, but it is not certified, as required by 28 U.S.C. § 1915(a)(2).

Magistrate Judge Stinnett acknowledged that these first two deficiencies could be remedied and would not necessarily result in Plaintiff's claims being dismissed. [R. 6, p. 2]. However, Magistrate Judge Stinnett found the third deficiency, that Plaintiff "fails to articulate adequately a viable claim against any defendant," fatal to his claims. *Id.* Indeed, though pro se pleadings are to be liberally construed, *see Erickson v. Pardus*, 551 U.S. 89 (2007), "[e]ven a pro se prisoner must link his allegations to material facts . . . and indicate what each defendant did to violate his rights[.]" *Sampson v. Garrett*, 917 F.3d 880, 882 (6th Cir. 2019) (citing *Hill v. Lappin*, 630 F.3d 468 (6th Cir. 2010); *Lanman v. Hinson*, 529 F.3d 673 (6th Cir. 2008)). For this reason, Magistrate Judge Stinnett recommends that Plaintiff's petition for writ of habeas corpus be denied without prejudice so that Plaintiff may refile his petition and remedy the aforementioned deficiencies.

Magistrate Judge Stinnett's Recommendation advised the parties that any objections must be filed within fourteen (14) days. [R. 6, p. 3]. The time to file objections has passed, and neither party has filed any objections to the Recommendation nor sought an extension of time to do so.

Generally, this Court must make a de novo determination of those portions of the Recommendation to which objections are made. 28 U.S.C. § 636(b)(1). When no objections are made, this Court is not required to "review . . . a magistrate's factual or legal conclusions, under a de novo or any other standard." See *Thomas v. Arn*, 474 U.S. 140, 151 (1985). Parties who fail to object to a Magistrate Judge's recommended disposition are also barred from appealing a district

- 3 -

court's order adopting that recommended disposition. *United States v. White*, 874 F.3d 490, 495 (6th Cir. 2017); *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981).

Nevertheless, The Court has reviewed the record and considered Plaintiff's motion [R. 1] and letter [R. 4] and is likewise unable to discern any viable claim against any defendant or how Plaintiff's Constitutional rights have been violated. The Court therefore agrees with Magistrate Judge Stinnett's Recommendation to deny Plaintiff's petition for writ of habeas corpus without prejudice.

Accordingly, **IT IS HEREBY ORDERED** as follows:

1. Magistrate Judge Stinnett's Recommendation [**R. 6**] is **ADOPTED** as the opinion of this Court.

2. Plaintiff's Motion for Writ of Habeas Corpus [**R. 1**] is **DENIED without prejudice**.

3. The Clerk of Court is **DIRECTED** to send Plaintiff the following forms in blank:

   a. Application to Proceed in District Court Without Prepaying Fees or Costs [AO Form 240];
   b. Certificate of Inmate Account Form [EDKY Form 523];
   c. Form Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 [EDKY 521]; and
   d. Petition for Relief From a Conviction of Sentence By a Person in State Custody [AO Form 241].

4. Plaintiff's Letter [**R. 4**] seeking injunctive relief, and any other requests for relief, are **DENIED as moot**.

5. A separate Judgment shall follow.

   This the 10th day of April, 2023.



CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF
KENTUCKY